## Bracken County Board of Education et al. v. Nickoson.

(Decided May 26, 1933.)

420

M. HARGETT for appellants.
SILAS JACOBS for appellee.

OPINION OF THE COURT BY DRURY, COMMISSIONER—
Affirming.

The trial court required the board of education of Bracken county to employ Miss Elmo Daisy Nickoson (a teacher selected by the subdistrict trustee of the Lenoxburg district) as one of the teachers in that school, and the board of education, the county school superintendent, and Miss Ruth Fields (a teacher selected by the board) have appealed.

This school required two teachers and Mr. Britton, the subdistrict trustee, had recommended Miss Edna Lenox and Miss Nickoson for those positions. It is admitted that both of these young women had the required certificates but neither of them had any previous teaching experience.

The board soon employed Miss Lenox for one of these positions but declined then to fill the other, and just passed the matter along until August 6, 1932, when they employed Miss Fields. On August 11th Miss Nickoson began this suit against the appellants and after the proper steps had been taken and hearing had, the court on August 29th made an order containing this:

> "It is now ordered and directed that the Board assemble prior to the fifth day of September, 1932, rescind its action heretofore taken and elect Elmo Daisy Nickoson as teacher of this school."

A motion made September 3d, before a judge of this court to dissolve that order, was overruled without prejudice to a hearing on the merits. On December 3d the trial court heard the matter and made an order containing this:

> "It is considered and adjudged that the defendants, be and they are permanently and perpetually enjoined from removing plaintiff as teacher in the Lenoxburg Public School, sub-district No. 22, for the school year 1932-1933."

There being no question of the moral and educational fitness of Miss Nickoson to teach this school,

when she filed her nomination by the subdistrict trustee, it became the duty of the board of education to employ her and as it did not do so it must find some excuse for not obeying the statute (section 4399a-7, Ky. Stats.).

Its excuse and the hopes of the appellants for reversal are contained in this which is taken from their answer:

"They say that since 1927 they have required at least one of the teachers in two room schools to be appointed principal of said school and that such principal shall be required to have two years of successful teaching experience."

We are asked to pass upon the power of the board of education to make such a regulation and to pass upon other cognate questions but it is unnecessary that we do so. If we should decide all those questions as desired by the appellants, there would be no excuse for the failure of the board of education to obey the statute.

To obtain a reversal of this judgment the appellants must point out some error therein.

Their contention is, the court erroneously compelled the board of education to employ Miss Nickoson as principal of this school contrary to the plainly announced purpose of the board and contrary to the provision of subsection 1 of section 4501-7, Ky. Stats.

The weakness of their position is they cannot by this record show the court required them to employ Miss Nickoson as principal, nor can they point to anything in the record showing the duties of each of the teachers of this school from which it can be determined which one of them would be the principal. So far as this record goes, there is as much ground for calling Miss Lennox the principal as there is for calling Miss Nickoson such.

Miss Lenox was elected to teach grades 1, 2, 3, and 4 and Miss Nickoson had applied to teach grades 5, 6, 7, and 8. The bare fact that she is to teach the higher grades does not make her the principal teacher. It would require some action of the county board defining her powers and duties and making them greater than the powers and duties of Miss Lenox to make Miss Nickoson the principal. Of course, the board could have

provided that the teacher of the higher grades should be the principal teacher, but it did not.

The trial court in its order of mandamus directed that Miss Nickoson be employed ''as teacher'' and in its final judgment enjoins the board from removing her ''as teacher.''

This is the judgment appellants seek to have us reverse. To do so they must point out some error therein. They have not done so. The judgment is affirmed.